# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD D. KEELER,<br>CDCR # F-87223<br><br>                                Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; MICHAEL ESPINOSA; RICHARD MURPHY; FRANCISCO P. MARTY, Jr; SAN DIEGO COUNTY PROBATION DEPARTMENT; LAW OFFICES OF QUIRK & QUIRK; CHARLES QUIRK,<br><br>                                Defendant. | Civil No.   08-0076 JAH (PCL)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Sierra Conservation Center located in Jamestown, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.   MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Plaintiff's Complaint is subject to immediate dismissal because he is seeking monetary damages from Defendants who are immune from such relief. In his Complaint, Plaintiff claims that his probation officers submitted false documents to the Court which led to the Commissioner ordering incarceration for Plaintiff rather than allowing him to enter a drug treatment program. (Compl. at 6-8.) However, probation officers are entitled to absolute immunity from damage suits "under [§] 1983 arising from acts performed within the scope of their official duties." *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1986). Thus, the claims for monetary damages against Defendants Michael Espinosa and Richard Murphy are dismissed pursuant to 28 U.S.C. §§ 1915(2)(B)(iii) & 1915A(b)(2).

Moreover, Court Commissioner Francisco Marty, Jr. is also immune from a § 1983 suit for monetary damages. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). As a Court Commissioner, Defendant Marty's decisions made while presiding over Plaintiff's criminal matter are "judicial acts," because they are "functions normally performed by a judge." *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Even if Commissioner Marty is accused of making decisions that are malicious or corrupt, he is entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Accordingly, all claims for monetary damages against Defendant Marty are dismissed pursuant to 28 U.S.C. §§ 1915(2)(B)(iii) & 1915A(b)(2).

Additionally, Plaintiff has named the San Diego County Probation Department as a Defendant in this matter. An agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See Id.* "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against San

Diego County, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624. Therefore, even were the Court to liberally construe the Complaint as attempting to state a claim against San Diego County, Plaintiff has not stated a § 1983 claim because he has failed to allege that any individual officer's conduct conformed to an official city policy, custom or practice.

Finally, Plaintiff names the law firm of "Quirk & Quirk" as a Defendant. It is not clear whether Plaintiff is intending to sue the law firm or his privately retained counsel, Charles Quirk. To the extent that Plaintiff is seeking monetary damages under § 1983 based on the alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).

1    An action that is barred by *Heck* should be dismissed for failure to state a claim without
2 prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction.
3 *Edwards*, 520 U.S. at 649.

4    Here, Plaintiff's ineffective assistance of counsel claims against his criminal defense
5 appointed counsel "necessarily imply the invalidity" of his criminal proceedings and continuing
6 incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that Charles Quirk
7 rendered ineffective assistance of counsel, an award of damages would "necessarily imply the
8 invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984)
9 (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell
10 below objective standard of reasonableness and that but for counsel's errors the result of the trial
11 would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for
12 ineffective assistance of counsel is a conditional writ granting petitioner's release unless state
13 retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable
14 time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal
15 proceedings in a San Diego Superior Court criminal case, and because he has not alleged that
16 his conviction has already been invalidated, a section 1983 claim for damages has not yet
17 accrued. *See Heck*, 512 U.S. at 489-90.

18    Accordingly, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for
19 seeking monetary damages against an immune defendant and for failing to state a claim upon
20 which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*,
21 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

22 **III.   CONCLUSION AND ORDER**

23    Good cause appearing, **IT IS HEREBY ORDERED**:

24    1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is
25 **GRANTED**.

26    2.    The Secretary of California Department of Corrections and Rehabilitation, or his
27 designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
28 owed in this case by collecting monthly payments from the account in an amount equal to twenty

1  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
2  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
3  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
4  ASSIGNED TO THIS ACTION.

5       3.     The Clerk of the Court is directed to serve a copy of this Order on James Tilton,
6  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
7  Sacramento, California 95814.

8       **IT IS FURTHER ORDERED** that:

9       4.     Plaintiff's Complaint is **DISMISSED** without prejudice for seeking monetary
10 damages against immune defendants and for failing to state a claim upon which relief could be
11 granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty
12 five (45) days leave from the date this Order is "Filed" in which to file a First Amended
13 Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended
14 Complaint must be complete in itself without reference to the superseded pleading. *See* S.
15 D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended
16 Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
17 1987).

18      Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief
19 may be granted, it may be dismissed without further leave to amend and may hereafter be
20 counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79
21 (9th Cir. 1996).

22      5.     The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

23
24
25 DATED: February 27, 2008
26
27                                                    JOHN A. HOUSTON
                                                   United States District Judge
28