FILED

2008 APR -2 PM 4:29

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

United States District Court BY _____ RM _____ DEPUTY
Southern District of California

NUNC PRO TUNC

MAR 27 2008

| | |
|---|---|
| Gerald D. Keeler Sr. ) | |
| ) | Civil Case No. 08-0076 JAH (PCL) |
| plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM POINT & AUTHORITES |
| County of San Diego, ) | IN SUPPORT OF PROBATION OFFICERS |
| Michael Espinosa, ) | MICHAEL ESPINOSA, RICHARD MURPHY |
| Richard Murphy, ) | BEING ENTITLED TO ONLY QUALIFIED |
| San Diego County Probation ) | IMMUNITY. |
| ) | |
| Defendant(s) ) | |

To: Honorable United States District Judge John A. Houston

The undersigned is the plaintiff in the above captioned and named civil action. its been assumed Probation Officers Michael Espinosa, and Richard Murphy enjoy the same absolute immunity enjoyed by judges. However, in this regards, plaintiff challenge Officers Michael Espinosa and Richard Murphy's conduct in filing 1. False Report  2. Request/Recommendation of plaintiff's arrest and incarceration. In order to evaluate Officers Espinosa, Murphy's conduct and their function here it is necessary to review the procedural frame work applicable to probation and probation enforcement in San Diego, California to obtain interviews under Section 1203c. In plaintiff's case Officers Espinosa, Murphy presented false evidence before the court as true evidence to Commissioner Francisco P. Marty Jr which included a request and recommendation of plaintiff's incarceration. After reviewing the report Commissioner Francisco Marty ordered plaintiff's arrest and incarceration and set bail. Plaintiff was seized, illegally arrested and incarcerated, and another sentencing hearing set for 22 days later which is malicious prosecution and cruel and unusual punishment. Absolute judicial immunity has been held to apply to those who perform function that are integrally related to the judicial process. One for which probation officers have been consistently afforded absolute immunity. However, in analyzing the function of Probation Officers Michael Espinosa, and Richard Murphy role of submitting false evidence and recommending plaintiff arrest and incarceration based on a tampered, forged United States Certified Mail Receipt which illegally caused plaintiff's arrest and incarceration is not entitled to the same level of immunity according to case law. Their preparing a pre-sentence report and the contents within those reports are different from his negligent conduct in the

CR

presentation of false evidence known to be false and submitting this false evidence before the court as true when in fact failure to investigate due to deliberate indifference was less intimately associated with the judicial process than was the preparation of a presentence report itself entitled the Probation Officers Michael Espinosa, and his supervisor Richard Murphy only qualified immunity. Preparing a presentence report itself entitled the Probation Officers Michael Espinosa and Richard Murphy only qualified immunity. Preparing a presentence report during a interview is different in nature of submitting false evidence of tampered forged Unites States mail receipt to seek and recommend plaintiff arrest. Presentence reports are prepared at the direction of the court and are an integral part of the adjudicatory process. Obtaining those interviews on the hand, generally are instituted upon the initiative of the probation officers such as making contact with the individuals and not the court. If the probation officer is some what bias, racist, in any shape form or fashion, the probation officers can make life miserable, because all he has to do is submit false evidence to the court and have a individual arrest out of malice, hate etc. The court is constrained by the availability of only one side of the facts-probation officers. Commissioner Francisco Marty authorized plaintiff's arrest relied on the one-side account of Probation Officers Michael Espinosa, and his supervisor Richard Murphy's who decided not to investigate plaintiff's suspicion of forgery and/or tampering of U.S. mail and convinced/sought, recommended plaintiff's incarceration based on plaintiff being the victim of a crime of someone who posed as plaintiff himself, received, and forged a United States Certified letter. This led to plaintiff's being placed under the law, custom, policy, and practice of implementing West's Ann. Cal. Penal Code §1203c(c) which is designed for individual's who will not appear, or those who attempt to avoid the probation officers and need the court to step in and intervene to help them get the opportunity to obtain a presentence report to submit to the court prior to the sentencing hearing. However, this wasn't the case with plaintiff due to someone posing as plaintiff, receiving, and forging United States mail addressed to plaintiff. Officers Michael Espinosa, and Richard Murphy disregard to know the truth significantly increased the risk and eventually caused plaintiff's incarceration on August 27, 2007 until September 17, 2007 based on the County of San Diego, San Diego County Probation Department, Probation Officers Michael Espinosa, and his supervisor Richard Murphy's recommendation. In the context of false evidence of forgery submitted before the court and the recommendation of plaintiff's incarceration which Commissioner Francisco Marty used and relied upon, none of these safeguards of failure to investigate the allegation of forgery and tampered United States mail protected plaintiff against the possiblility of unjustified illegal, irresponsible deprivation of plaintiff's liberty until such time it was too late. There is no viable alternative to damages as a means of redressing the injury brought about by an improper/inappropriate illegal incarceration. By the time the error was discovered such as the actual signature of the culprit which

plaintiff just obtained in February 2008 to prove plaintiff suspicion of this crime of forgery of someone who did actually pose as plaintiff, received plaintiff's mail, and did forge plaintiff's mail, not only did the 22 days pass by on which plaintiff spent illegal but several months has passed by before plaintiff was able to received the actual forged signature in his possession by the San Diego County Probation Department on the direction and command of the United States Postal Inspectors. Basically due to the failure of the County of San Diego, San Diego County Probation Department, Probation Officers Michael Espinosa, and his supervisor Richard Murphy failure/refusal to investigate the harm has already been accomplished since plaintiff had already been arrested on August 27, 2007, and held in jail for 22 days pending another sentencing hearing that was rescheduled for September 17, 2007. One cannot enjoin that which has already taken place, nor can declaratory relief cure what would not be past injury. The court should reason that Probation Officers Michael Espinosa, and his supervisor Richard Murphy performed a function at the direction of a judge such as writing the presentence report and gathering information for the reports, However, failure to investigate, having a disregard to know the truth, and showing deliberate indifference in submitting false evidence before the court such as a tampered, forged United States document in order to have plaintiff's federal constitutional rights to be gravely violated, is not hopefully at the behest or direction of the court, one would pray not, then Probation Officers Michael Espinosa and Richard Murphy should and would be entitled to only qualified immunity. Due to the County of San Diego, San Diego County Probation Department, Probation Officers Michael Espinosa, and his supervisor Richard Murphy deliberate indifference, racial discrimination, gross negligence, recklessness, malice, intentional conduct, malicious prosecution, conspiracy, acting under the color of state law to violate plaintiff's federal constitutional rights on part of County of San Diego, San Diego County Probation Department, Probation Officers Michael Espinosa, and his supervisor Richard Murphy and on part of the County of San Diego, San Diego County Probation Department failing to properly train and supervise their officers plaintiff's was deprived, and denied of the federal constitution rights of the United States of America to be free from unreasonable, unlawful seizure of person, illegal arrest and imprisonment, and cruel and unusual punishment. These grave violation of plaintiff's constitutional rights has caused severe mental suffering, emotional suffering, physical suffering, and severe financial problems due to implementation of a policy, law, custom, and practice due to plaintiff being a victim of a crime, which was deliberately disregarded in order to cause pain and suffering due to racial hate, and to destroy plaintiff family, and life. See [Galvan V. Garmon 710 F.2d 214 (5th Cir 1983)

FACTUAL BACKGROUND

On or about August 21, 2007 plaintiff's wife handed plaintiff a opened United States Certified letter that contained instruction of an appointment for August 17, 2007 with San Diego County Probation Department, Probation Officer Michael Espinosa 1727 Sweetwater Road #200 National City, California 91950. The letter stated plaintiff's failure to appear may result in a warrant for plaintiff's arrest. Plaintiff immediately called Officer Michael Espinosa, but as it was after business hours, reached Officer Espinosa's voicemail. Plaintiff left a message stating plaintiff just received the certified letter and plaintiff would call back the following morning. The purpose of the call was to re-schedule the interview, and to inform Officer Espinosa of the suspicion of the tampered United States Certified letter plaintiff received on August 21, 2007. Upon reaching Officer Espinosa plaintiff explained that plaintiff didn't receive, nor signed Officer Espinosa's certified letter on August 16, 2007. Plaintiff explained plaintiff's mailbox is located approximately 50 to 75 yards from plaintiff's actual residence, and if Officer Espinosa received a United States Certified Mail PS Form 3811 "Domestic Return Receipt" with a signature there must be foul play involving forgery and tampering with U.S. mail. Officer Espinosa informed plaintiff it was too late to conduct a interview and file the presentence report by August 27, 2007 but he would ask for a continuance. Due to the confusion on which probation officer was actual assigned to conduct the interview, plaintiff proceeded to inform Officer Espinosa that on July 30, 2007 evidentiary hearing, Commissioner Francisco P. Marty Jr requested a presentence report. However, on July 30, 2007 after the conclusion of the hearing, Public Defender Cheryl Landi directed plaintiff to San Diego County Probation Department 3977 Ohio Street San Diego, California and plaintiff appeared in person on August 02, 2007 who directed plaintiff to contact North County Probation Department, Probation Officer Kathy Arco on or about August 07, 2007 who actually scheduled plaintiff's interview for August 29, 2007. Officer Espinosa informed plaintiff that in light of the information plaintiff informed him of, Officer Espinosa would seek a continuance in order to investigate the matter.

On August 27, 2007 at the San Diego County Superior Court Department 22, 220 West Broadway San Diego, California 92101 plaintiff's federal constitutional rights were violated by the County of San Diego, San Diego County Probation Department, Probation Officers Michael Espinosa, and his supervisor Richard Murphy intentionally submitting before the court false evidence, a tampered, forged United States Certified Mail Record PS Form 3811 "Domestic Return Receipt." Probation Officers Michael Espinosa, and his supervisor Richard Murphy acting under the color of state law intentionally informed the court that plaintiff had himself, had knowledge of, personally received, and personally signed for

Cont. Factual Background Page 2.

the United States Certified letter instructing plaintiff to report on August 17, 2007 and plaintiff failed/refused to appear for the interview. However, it was later discovered plaintiff became the victim of a crime that deprived plaintiff the opportunity to appear for the interview on August 17, 2007. On August 15, 2007 the notice was mailed out (SEE EXHIBIT B), on August 16, 2007 at 2:00 pm the culprit posed as plaintiff, received, and forged the U.S. Certified letter (SEE EXHIBIT A), the appointment was for August 17, 2007 at 10:00 am (SEE EXHIBIT B). Commissioner Francisco Marty used probation Officers Michael Espinosa, and his supervisor Richard Murphy's statement and accepted their false evidence as true and ordered the continuation of the violation of plaintiff's federal constitutional rights. Commissioner Francisco Marty implemented and enforced the law, custom, policy, and practice of **California Rules of Court Rule 4.411 page 35981 and West's Ann. Cal. Penal Code §1203c(c) page 88135. The law read as follows: ["Notwithstanding a defendant's statutory ineligibility for probation, a presentence investigation and report should be ordered to assist the court in deciding the appropriate sentence and to facilitate compliance with Section 1203c. In order to allow the probation officer opportunity to interview for the purpose of preparation of these reports, the prisoner shall be held in the county jail for 48 hours, excluding Saturdays, Sundays and Holidays, subsequent to imposition of sentence and prior to delivery to the custody of the director of correction unless the probation officer shall have indicated need for a lesser period of time.].** Commissioner Francisco Marty accepted and used the false evidence submitted to the court as true and granted Officers Michael Espinosa, and his supervisor Richard Murphy's submitted request and recommendation to implement Section 1203c(c) which caused plaintiff's unlawful, illegal arrest and incarceration, and other federal constitutional violations of plaintiff's rights. These violation caused plaintiff deprived of his freedom for 22 days instead of 48 hours pending a rescheduled sentencing hearing to allow Probation Officer Michael Espinosa a opportunity to conduct a interview according to the law, custom, policy, and practice of Section 1203c(c). The implementation of this law, custom, policy, and practice was unnecessary due to plaintiff being the victim of a crime and routinely meeting deadlines, and other appointments when instructed and directed to do so with other probation officers while in prop. 36. Had plaintiff received the U.S. Certified mail on August 16, 2007 although it was a short notice plaintiff would have complied with the instructions to report on August 17, 2007. This illegal arrest and incarceration was due to some culprit posing as plaintiff, tampering with, and forging a United States Certified Mail Record PS Form 3811 "Domestic Return Receipt" which was offered before the court as true evidence when it was known to be false and/or Probation Officers Michael Espinosa, and his supervisor Richard Murphy should have known it was false had a investigation been conducted when there was a suspicion of forgery and the

Cont. Factual Background Page 3.

tampering of United States Mail was alleged. Based on Probation Officers Michael Espinosa, and his supervisor Richard Murphy recklessly disregard to know the truth by negligently failing/refusing to investigation this suspicion of tampering and forgery of United States Mail, plaintiff's federal constitutional rights were gravely violated under the 4th, 5th, 8th, 14th amendment, due process and equal protection of the law according to the United States of America to be free from racial discrimination, unreasonable unlawful seizure of my person, the intentional infliction of emotional distress, interference with constitutionally protected family relationship, illegal arrest and incarceration, cruel and unusual punishment, the use of excessive force, denial of due process and equal protection of law, summary punishment without a trial, and malicious prosecution.

Due to the County of San Diego, San Diego County Probation Department, Probation Officers Michael Espinosa, and his supervisor Richard Murphy deliberate indifference, racial discrimination, gross negligence, recklessness, malice, intentional conduct, malicious prosecution, conspiracy, acting under the color of state law to violate plaintiff's federal constitutional rights on part of the County of San Diego County Probation Department, Probation Officers Michael Espinosa, and his supervisor Richard Murphy and on part the County of San Diego, San Diego County Probation Department failing to properly train and supervise their officers, plaintiff's was deprived, and denied of the federal constitutional rights of the United States of America to be free from unlawful seizure of person, illegal arrest and incarceration and cruel and unusual punishment. These grave violation of plaintiff's constitutional rights has caused severe mental suffering, emotional suffering, physical suffering, and severe financial distress due to the implementation of a policy, law, custom, and practice due to plaintiff being a victim of a crime, which was deliberately disregarded in order to cause pain and suffering due to racial hate, and to destroy plaintiff's family and life.

RESPECTFULLY SUBMITTED,

_____
Gerald D. Keeler Sr.

Exhibit A



# Track/Confirm - Intranet Item Inquiry
## Item Number: 7004 1160 0000 0652 5135

**This item was delivered on 08/16/2007 at 14:11**



| | |
|---|---|
| Signature: | G. Cooley |
| Address: | 2655 Daisy Ln |

Enter Request Type and Item Number:

Quick Search ⦿      Extensive Search ○

Explanation of Quick and Extensive Searches

[                                          ]

Submit

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.

EXHIBIT B



# County of San Diego

**David E. Cranford (Acting)**
CHIEF PROBATION OFFICER
(858) 514-3148
FAX (858) 514-3121

DEPARTMENT OF PROBATION

POST OFFICE BOX 23597, SAN DIEGO, CALIFORNIA, 92193-3597

## APPOINTMENT NOTICE

GARY KEELER
2685 DAISY LANE
FALLBROOK, CA. 92028

ID: 737349

08/15/2007

Dear Mr. Keeler,

You are hereby instructed to come to my office for an appointment on **Friday, August 17, 2007** at **10:00 a.m.**

My office is located at::

☐ 330 West Broadway, 5th Floor, San Diego, CA 92101

☐ 3977 Ohio Street, San Diego, CA 92104

☒ **1727 Sweetwater Road, Suite 200, National City, CA 91950**

☐ 250 East Main Street, 8th Floor, El Cajon, CA 920203

☐ 325 South Melrose Drive, Suite 2600, Vista, CA 92083

☐ 2901 Meadow Lark Drive, San Diego, CA 92123

**Failure to appear may result in a warrant being issued for your arrest.**

Telephone me at (619) 498-2160 if you have any questions.

Sincerely,


MICHAEL ESPINOSA
Deputy Probation Officer
(619) 498-2160


A391 Appointment Letter (Rev. 02/06)                          File: Correspondence