# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD D. KEELER,<br>CDCR # F-87223<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; MICHAEL ESPINOSA; RICHARD MURPHY; FRANCISCO P. MARTY, Jr; SAN DIEGO COUNTY PROBATION DEPARTMENT; LAW OFFICES OF QUIRK & QUIRK; CHARLES QUIRK,<br><br>Defendant. | Civil No. 08-0076 JAH (PCL)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.   Procedural History

On January 11, 2008, Plaintiff, a state inmate currently incarcerated at Sierra Conservation Center located in Jamestown, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. This Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). (*See* February 27, 2008 Order at 6-7.)

Plaintiff was permitted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.*) On April 2, 2008, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 6].

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As stated by the Court in its previous Order, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's factual allegations true, the Court finds his First Amended Complaint fails

1  to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b);
2  *Lopez,* 203 F.3d at 1126-27; *Resnick,* 213 F.3d at 446, n.1.

3      Plaintiff seeks monetary damages pursuant to the following causes of action: "intentional
4  infliction of emotional distress, interference with constitutionally protected family relationship,
5  illegal arrest and imprisonment, cruel and unusual punishment, summary punishment without
6  a trial, the denial of due process, the use of excessive force, unlawful seizure of person, the
7  negligent performance of probation duties by probation officers, malicious prosecution, and
8  different treatment due to racial discrimination." (FAC at 3.) However, the factual basis for each
9  of these causes of action is the same. Plaintiff claims that probation officers, Michael Espinosa
10 and Richard Murphy, "negligently" or "intentionally submitted" evidence at Plaintiff's probation
11 violation hearing that led to his current incarceration.

12     However, these claims amount to an attack on the constitutional validity of an underlying
13 state criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983
14 unless and until he can show that his conviction based his probation violation has already been
15 invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850,
16 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted
17 available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at
18 489).

19     "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to
20 remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en
21 banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge
22 the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The
23 prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78
24 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent
25 prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target
26 of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that
27 action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*,
28 544 U.S. at 82.

1    In this case, Plaintiff's claims that the Probation Officers provided false information in their reports "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks damages for allegedly unconstitutional probation revocation proceedings and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his First Amended Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

Because it is possible that Plaintiff can show that his conviction based on his alleged probation violations has been invalidated, the Court will provide Plaintiff with one final opportunity to amend. However, the Court cautions Plaintiff that if he fails to satisfy *Heck* in his amended pleading, this action will be dismissed without further leave to amend.

////

////

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Second Amended Complaint still fails to state a claim upon which relief may be granted, it will be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED: July 23, 2008

                                          **HON. JOHN A. HOUSTON**
                                          United States District Judge